UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TODD SHACKLEFORD and MARTHA WOOLERY, | ) ) ) |
| On Behalf of Themselves and All Others Similarly Situated, | ) ) ) Case No. 12-CV-4065-FJG ) |
| Plaintiffs, v. | ) ) ) ) |
| CARGILL MEAT SOLUTIONS CORPORATION, | ) ) ) |
| Defendant. | ) ) |

# ORDER

Currently pending before the Court is plaintiffs' Motion and Supplemental Motion for Approval of Attorneys' Fees and Costs (Docs. # 38,40). On January 17, 2013, the Court granted the parties' Joint Motion for Approval of the FLSA Settlement in this case. In the Order approving the settlement, the Court requested that plaintiffs' counsel file a Supplemental Motion for Approval of Attorney Fees which would include detailed time records and affidavits attesting to the time spent on this case and the reasonableness of the hourly fees requested. Plaintiffs' counsel has now provided this additional information and the Court has had an opportunity to review it.

Plaintiffs have requested attorneys' fees and costs in the total amount of $47,000.00. Of this total amount, $704.50 is for costs and expenses. After deducting the costs and fees, this leaves $46,295.50 in attorneys' fees, which is 24.6% of the gross settlement amount of $188,000.00.

## II. STANDARD

Section 216(b) of the Fair Labor Standards Act provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "Though the fee is mandatory, the Court has discretion to determine the amount and reasonableness of the fee. . . .When a common fund is created by settlement, courts have applied one of two methods in determining reasonable attorney's fee awards: a percentage of the fund or the lodestar method." Peterson v. Mortgage Sources, Corp., No. 08-2660-KHV, 2011 WL 3793963, *9 (D.Kan. Aug. 25, 2011)(internal citations omitted). In Wiles v. Southwestern Bell Telephone Co., No. 09-4236-CV-C-NKL, 2011 WL 2416291 (W.D.Mo. June 9, 2011), the Court noted, "[t]he Eighth Circuit, as well as this Court, has held that in 'common fund' cases, where attorney fees and class members' benefits are distributed from one fund a percentage of the benefit method may be preferable to the lodestar method." Id. at *4. The Court in that case also listed twelve different factors that a court should consider in determining a fee award. The twelve factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and the length of the professional relationship with the client; and (12) awards in similar cases.

Id. at *4 (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)).

## III. DISCUSSION

In the instant case, plaintiffs' counsel state that they have invested a substantial amount of time and resources in this action and took a significant risk of failing to recover due to the legal obstacles in this case, such as the conflicting legal standards regarding the compensability of the activities at issue and the prospect of a de minimis defense. Plaintiffs' counsel also state that they are experienced in this area of the law and have gained particularized skills necessary to effectively prosecute these actions. Additionally, plaintiffs' counsel state that in similar FLSA actions, attorneys' fee awards were between 33.78% and 35.48% of the total settlement fund. Plaintiffs' counsel are seeking an award of 25%, which is below this range of fees awarded. In Burkholder v. City of Fort Wayne, 750 F.Supp.2d 990 (N.D.Ind. 2010), the Court stated, "a counsel fee of 33.3% of the common fund 'is comfortably within the range typically charged as a contingency fee by plaintiffs' lawyers' in an FLSA action." Id. at 997.

Plaintiffs' counsel also state that the lodestar method of calculating fees is sometimes used as a method of double-checking the reasonableness of the percentage-of-fund fee request. Plaintiffs state that their total costs were $704.50. Subtracting that amount from the attorneys' fee request would leave $46,295.50 for purposes of the lodestar calculation. The hourly rates charged by counsel are listed in their Motion for Approval, attorney Mark Kistler charged a rate of $325.00 an hour and three paralegals all charged a rate of $100.00 an hour. Multiplying the hours expended by the various hourly rates, leads to a lodestar fee amount of: $43,815.00. The percentage-of-fund request is thus within $2,500 of the lodestar calculation, which plaintiffs' counsel state supports the reasonableness of the fee request. The Court has

3

had an opportunity to review the time records submitted as well as the affidavits of Michael P. Downey, attesting to the reasonableness of the hourly fees billed by plaintiffs' counsel, and finds that the both the hourly rate and the amount of time billed were reasonable considering the size and scope of the litigation.

Additionally, in analyzing the Johnson factors discussed above, the Court finds that plaintiffs' counsel expended a significant amount of time and labor on this case. Attorney Mark Kistler billed over 100 hours and the paralegals together billed over 75 hours. Also as discussed above, there were challenging legal issues related to the various defenses raised. The Court also finds that plaintiffs' counsel are particularly skilled in handling FLSA cases. The Court also finds that the fees requested are well within the range of fees normally requested in these types of cases and that amount requested is fair considering the results which were achieved for the class.

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **GRANTS** the plaintiffs' Motion and Supplemental Motion for Approval of Attorneys' Fees and Costs (Docs. # 38, 40). The Court hereby awards plaintiffs' counsel a total of $47,000.00 in attorneys' fees and costs.

Date: March 8, 2013    **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri    Fernando J. Gaitan, Jr.
    Chief United States District Judge